**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | [Formerly Court of Common Pleas of Lake |
| CHICKEN OF THE SEA | ) | County, Ohio Case No. 18-CV-000830] |
| INTERNATIONAL., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Tri-Union Seafoods LLC d/b/a Chicken of the Sea International ("COSI") respectfully notifies the Court that it has removed the above-captioned action from the Court of Common Pleas of Lake County, Ohio, Case No. 18-CV-000830, to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C.§§ 1332 and 1441. The grounds for removal are as follows:

1.     This action is being removed to the United States District Court for the Northern District of Ohio based upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

2.     On May 29, 2018, Plaintiff Bryan Anthony Reo filed a Complaint in this action in the Court of Common Pleas of Lake County, Ohio. Attached to this Notice of Removal and incorporated by reference as Exhibit "A" are true and correct copies of Plaintiff's Complaint and the Summons served on COSI.

3.     COSI was served with a copy of Plaintiff's original Complaint on June 1, 2018.

4.      Plaintiff filed an amended complaint on June 22, which COSI received by U.S. mail.  A true and correct copy of Plaintiff's Amended Complaint is attached and incorporated by reference as "Exhibit B."

5.      This Court has original diversity jurisdiction over this action because this controversy is between citizens of different states.  As alleged in the Amended Complaint, Plaintiff is a  citizen of Ohio, and COSI is a California corporation.  Ex. B, Am. Compl. at ¶¶ 2-3.

6.      In his Amended Complaint, Plaintiff requests damages of "fifty thousand ($50,000.00) dollars for general damages, statutory damages, treble damages, punitive damages, exemplary damages, attorney's fees (as applicable), and costs." *Id.* ¶ 51.  He explains that he is seeking "$200.00 per CSPA count in statutory and treble damages and additionally no more than $200.00 per CSPA violation in non-economic damages, per CSPA count, for a total amount of $50,000 inclusive of all damages, costs of the action, court costs, and attorneys fees." *Id.* at ¶ 51.

7.      Plaintiff appears to allege 150 violations of the OCSPA.  *Id.* at ¶ 13; *but cf. id.* at ¶ 32 (claiming only 75 violations).  Four hundred dollars for 150 violations would lead to baseline damages of $60,000.00, which, when trebled, would be $180,000.00. Even the lower figure would lead to $90,000.00 when trebled.

8.      Because Plaintiff alleges that he is entitled to treble and punitive damages and non-monetary relief, the amount  in controversy exceeds $75,000, exclusive of interests and costs pursuant to 28 U.S.C. §  1446(c)(2)(A) and 28 U.S.C. § 1332(a).[1]

9.      Moreover, Plaintiff alleges that he is entitled to attorneys' fees under the OCSPA, R.C. § 1345.09(F)(2).  Ex. B, at Compl., at ¶ 19.  The Sixth Circuit holds that attorneys' fees can be considering in determining the jurisdictional amount for removal when "a statute mandates or expressly allows the payment of such fees."  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (citing *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir.1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met."); *see also Reusser v. Saxon Mortg. Servs., Inc.*, Civ. No. 12-87,  2012 WL 3241973, at *5 (S.D. Ohio Aug. 3, 2012) (finding that a claim for attorneys' fees under the OCSPA, R.C. § 1345.09(F)(2) applies to calculating the jurisdictional amount).

10.     That Plaintiff has purported, in his complaint, to seek damages of $50,000.00 or less, *see* Ex. B, Compl., at ¶ 51, does not change this conclusion.  Because Ohio Civil Rules permit recovery beyond what is demanded in the complaint, Plaintiff's statement in his complaint does not prevent removal.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–73 (6th Cir. 2000) (affirming removal where it was "more likely than not" that damages would exceed $75,000, even where "plaintiff alleges an amount in controversy below the jurisdictional amount," because "state law would have allowed plaintiff to recover more damages in excess of what she prayed for"); Ohio R. Civ. P. 54 ("Except as to a

---

[1]   COSI asserts only that Plaintiff's Complaint contains allegations sufficient to satisfy the requirement that the amount in controversy exceed $75,000 pursuant to 28 U.S.C. § 1446(c)(2)(A) and 28 U.S.C. § 1332(a). COSI disputes Plaintiff's entitlement to any damages and reserves the right to challenge Plaintiff's request for all claimed damages.

party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded the relief in the pleadings*." (emphasis added)).

11.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Northern District of Ohio is the federal district court for the district embracing the place where the state court suit is pending. Removal of this action to the United States District Court for the Northern District of Ohio is proper under 28 U.S.C. § 1332.

12.     This Notice of Removal has been filed within thirty (30) days of the date on which COSI was served with a copy of the Complaint (June 1, 2018).  Accordingly, this Notice  of Removal is timely pursuant to 28 U.S.C. § 1446(b).

13.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings  filed in the state court action are attached to this Notice of Removal.  To COSI's knowledge, Plaintiff has neither filed nor served any other pleadings or papers with the Court of Common Pleas of Lake County, Ohio, and there are no matters pending in the state court requiring resolution.

14.     A Notice of Filing of Notice  of Removal will be  promptly served on Plaintiff and filed with the Clerk of the Court of  Common Pleas of Lake County, Ohio, as required by 28 U.S.C. § 1446(d).

15.     By this Notice of Removal, COSI does not waive any objections it may have to service, personal jurisdiction, or venue, or any other defenses or objections it may have to this

action. COSI intends no admission of fact, law, or liability by this Notice and reserves all defenses, motions, and/or pleas.

**WHEREFORE**, Defendant COSI prays that the above-captioned action be removed  from the Court of Common Pleas of Lake County, Ohio, to the United States District Court for the Northern District of Ohio.

**June 29, 2018**

Respectfully submitted,

*/s/ Mark R. Butscha, Jr.*
THOMPSON HINE LLP
Thomas F. Zych (0019942)
tom.zych@thompsonhine.com
Mark R. Butscha, Jr. (0088854)
mark.butscha@thompsonhine.com

3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5500
Facsimile: (216) 566-5800

*Counsel for Defendant Tri-Union Seafoods*
*LLC d/b/a Chicken of the Sea International*

Of counsel:
ALLEN & OVERY LLP
John Roberti, Esquire
Erik Raven-Hansen, Esquire
1101 New York Avenue N.W.
Washington, D.C. 20005
Telephone: (202) 683-3800
Facsimile: (202) 683-3999
john.roberti@allenovery.com
erik.ravenhansen@allenovery.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 29, 2018, a true and correct copy of the foregoing Notice of Removal was served via First Class Mail on the following:

Bryan Anthony Reo 7143
Rippling Brook Lane
Mentor, OH 44060


*/s/ Mark R. Butscha, Jr.*
*Counsel for Defendant Tri-Union Seafoods LLC d/b/a Chicken of the Sea International*

# EXHIBIT

# A

## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

BRYAN ANTHONY REO
           Plaintiff

      VS.

CHICKEN OF THE SEA INTERNATIONAL
           Defendant

Case Number: **18CV000830**

Judge VINCENT A. CULOTTA

To the following named DEFENDANT(S):
        CHICKEN OF THE SEA INTERNATIONAL
        2150 EAST GRAND AVENUE
        EL SEGUNDO CA 90245

    You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

        BRYAN ANTHONY REO
        PO BOX 5100
        MENTOR OH 44060

You are hereby summoned and required to do the following:

1.     **Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;**

2.     **Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.**

        **Calculations of time are exclusive of the day of service.**

    If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

        Maureen G. Kelly
        Clerk, Court of Common Pleas
        Lake County, Ohio
        25 N. Park Place
        Painesville OH 44077

        By *Cassie Linden*

        Deputy Clerk

May 30, 2018



FILED

2018 MAY 29  PM 1: 17

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

**STATE OF OHIO**
**IN THE COURT OF COMMON PLEAS OF LAKE COUNTY**
**CIVIL DIVISION**

**BRYAN ANTHONY REO**
7143 Rippling Brook Lane
Mentor, OH 44060

      Plaintiff,

   v.

**CHICKEN OF THE**
**SEA INTERNATIONAL**
2150 East Grand Avenue
El Segundo, CA 90245

      Defendant.

Case No.

**18CV000830**
**VINCENT A. CULOTTA**

---

**REO LAW, LLC**
By: Bryan Anthony Reo (#97470)
P.O. Box 5100
Mentor, OH 44060
(P): (440) 313-5893
(E): Reo@ReoLaw.org

---

**PLAINTIFF'S COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

---

BRYAN ANTHONY REO (Plaintiff), alleges the following against CHICKEN OF THE SEA INTERNATIONAL. (Defendant):

## I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Consumer Sales Practices Act, R.C. § 1345.01 *et seq*. ("CSPA"), Civil action for damages for criminal act R.C. § 2307.60, and common law fraud.

## II.  PARTIES

2.  Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3.  Defendant is a corporate entity existing by and through the laws of the State of California, which does business in the State of Ohio.  Defendant does business as Chicken of the Sea and maintains an interactive commercial website at <https://chickenofthesea.com/> which is accessible to Ohio residents.

## III.  JURISDICTION AND VENUE

4.  This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of R.C. § 2305.01;

5.  This Court enjoys personal jurisdiction over Defendant because Defendant transacted business in the State of Ohio thereby causing Plaintiff's causes of action against Defendant to arise and because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio.  R.C. § 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9). Defendant also committed criminal acts that victimized Plaintiff in the state of Ohio.

6.  Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3.   Civ.R. 3(B)(7).

2

## IV. STATEMENT OF FACTS

7. Plaintiff is a consumer who engaged in multiple consumer transactions for the purchase of Defendant's products, cans of Chicken of the Sea Solid White Albacore Tuna. Plaintiff is also a crime victim who was the victim of criminal conduct on the part of Defendant.

8. Throughout 2011, 2012, 2013, and upon information and belief, into 2014, 2015, 2016, and 2017, Defendant engaged in a conspiracy with two other leading canned tuna fish manufacturers, Bumble Bee Foods and Starkist, for the purpose of establishing an illegal trust to facilitate the increasing, fixing, and maintaining or prices of canned tuna fish.

9. A guilty plea was entered by Stephen Hodge, a former senior vice president of sales for Starkist [Defendant's co-conspirator] based on a criminal information originally filed in United States District Court for the Northern District of California in May of 2017. Defendant has perpetrated criminal conduct in connection with Starkist.

10. Defendant's other co-conspirator Bumble Bee Foods entered a plea of guilty to a one-count indictment of felony price-fixing in May of 2017 in United States District Court for the Northern District of California.

11. Two executives from Defendant's co-conspirator Bumble Bee Foods plead guilty to price-fixing charges in December of 2016.

12. The full extent of Defendant's price-fixing scheme has just begun to come to light and it is obvious that at least as recently as 2013 [according to the Department of Justice] that the prices of cans of tuna were being artificially maintained and fixed due to a criminal conspiracy entered into by Starkist, Bumble Bee Foods, and Defendant Chicken of the Sea. In May of 2017 Plaintiff discovered that he was the victim of a crime perpetrated by Defendant.

3

13. Plaintiff purchased at least 75 cans of defendant's tuna-fish from between the period of 2011 and 2013, and at least another 75 cans of Defendant's tuna-fish between the period of 2014-2017.

14. When Plaintiff purchased the cans there was an implicit representation made by Defendant to Plaintiff that the purchase price was a fair price reflecting the market price of the tuna fish and that the price was not the result of a criminal conspiracy to fix and maintain prices among the major manufacturers.

15. Plaintiff relied upon the representation made by Defendant, reflected in the price, that the price was indeed a genuine fair market price and was not the result of a criminal conspiracy to fix prices in a manner explicitly prohibited by law.

16. Because of Plaintiff's reliance under Defendant's implicit representation Plaintiff suffered a detriment and a damage by relying upon Defendant's implicit representation which was made by Defendant knowing that Plaintiff would rely upon it while Defendant also knew the representation was false due to the ongoing nature of Defendant's criminal conspiracy. Defendant either implicitly represented or made a material omission regarding the nature and basis of the price and the fact that the price was set in an illegal manner.

17. Plaintiff purchased a large volume of goods from Defendant at a price that was indeed not a fair market price but rather a price set as the result of criminal collusion contrary to relevant laws pertaining to trusts and monopolies.

18. Plaintiff suffered damages in so much that he wound up paying artificially higher prices that were artificially higher due to Defendant's criminal conduct in fixing prices, conduct which constituted the perpetration of a fraud upon the Plaintiff.

4

19. Plaintiff was deceived and damaged by Defendant's unfair practices in connection with each and every consumer transaction that occurred, with a separate transaction occurring with each can purchased.

20. Defendant acted in a manner that was deceptive and unfair in connection with a consumer transaction by colluding with other manufacturers to criminally fix and maintain the prices of canned tuna.

21. Plaintiff was harmed as a direct result of Defendant's criminal conduct and Plaintiff is the victim of a crime as detailed by R.C. § 2307.60 and has suffered damages as a result of the crime.

22. Not only was Defendant's conduct unfair and deceptive in connection with a consumer transaction, but the conduct was criminal and Plaintiff was victimized and damaged as a result of the criminal conduct.

23. Plaintiff is a crime victim within the scope of R.C. § 2307.60 for purposes of having a civil cause of action against Defendant arising out of Defendant's criminal conduct which impacted and victimized Plaintiff.

24. Defendant engaged in a conspiracy against trade contrary to Ohio law by operating in conjunction with the other two major industry giants to effectively create a monopoly as that term is used and defined in R.C. § 1331.01 et seq. in a manner done to increase, maintain, or fix a price.

## V.  CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE CSPA

25. Plaintiff incorporates by reference Paragraphs 1-24 and 33-52 of this Complaint as if each is set forth herein.

26. Defendant is a "person" as defined by R.C. § 1345.01(B).

27. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

28. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

29. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant fixed and maintained prices on the cans of tuna fish, entered them into the stream of commerce, and the goods [cans of tuna fish] were ultimately sold to Plaintiff at those criminally fixed and maintained prices.

30. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly fixing and maintaining prices on cans of tuna fish and then allowing the cans to enter the stream of commerce to be sold to consumers such as Plaintiff. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for violations of the OCSPA. R.C. § 1345.09(B) per violation. Defendant's conduct in fixing and maintaining prices was expressly in violation of R.C. § 1331.04 which prohibits conspiracy against trade.

31. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

32. Defendant committed seventy-five (75) violations of Count I of Plaintiff's Complaint.

## COUNT II
## COMMON LAW FRAUD

33. Plaintiff incorporates by reference Paragraphs 1-32 and 41-52 of this Complaint as if each is set forth herein.

6

34. Defendant made implicit representations that it was conducting business in accordance with the relevant laws prohibiting conspiracy against trade and prohibiting the fixing and maintaining of prices.

35. Defendant's representations were reflected in the prices affixed to each can of tuna fish that Defendant entered into the stream of commerce.

36. Plaintiff relied upon the representation implicit in the price advertised by Defendant that the price of Defendant's product was not only a fair market price but a legal and permissible price that was set in accordance with the law and was not the result of an illegal conspiracy to fix and maintain a price in collusion with Defendant's primary competitors in the industry.

37. Defendant knew or should have known that Plaintiff would rely upon its implicit representation when making a purchasing decision regarding Defendant's product.

38. Defendant made the representation about its price hoping to obtain Plaintiff's reliance.

39. Plaintiff did indeed rely upon the implicit representation that the price was not only fair but was also objectively legal.

40. Because Plaintiff relied upon the representations made by Defendant Plaintiff suffered a detriment in that he wound up paying an artificially higher price that was the result of Defendant benefiting from Plaintiff's reliance upon Defendant's implicit representation regarding the price being legal and fair or omission of the material fact that the price was not a fair market price but rather was an illegal price.

## COUNT III
## STATUTORY CRIMINAL LIABILITY AGAINST DEFENDANT

41. Plaintiff incorporates by reference Paragraphs 1-40 and 50-52 of this Complaint as if each is set forth herein.

42. It constitutes a criminal act in the State of Ohio to conspire against trade by. R.C. § 1331.04.

43. Defendant has operated as a "Trust" as defined by R.C. § 1331.01(C)(1) which is declared unlawful and void, R.C.

44. Defendant has operated as a trust for the purpose of increasing prices and to fix and maintain prices as a conspiracy against trade .

45. Defendant conspired with other corporate entities to increase, fix, and/or maintain the prices of their tuna fish products, this activity on the part of Defendant constitutes the operation of a "trust" as defined by R.C. § 1331.01(C)(1)

46. Defendant operated a trust for the purpose of promoting and engaging in conspiracy against trade.

47. It constitutes a crime [specifically it is a felony offense] to engage in a conspiracy against trade.

48. Plaintiff may seek recovery for criminal conduct which if prosecuted would constitute a felony. R.C. § 2307.60(B)(2)(b) and R.C. § 2307.60(B)(2)(c).

49. Conspiracy against trade is a either a felony of the fifth degree R.C. § 1331.99(A)(1) or a felony of the fourth degree R.C. § 1331.99(A)(2) depending on the particular circumstances and amounts involved.

50. Defendant is liable to Plaintiff for engaging in criminal acts that resulted in Plaintiff suffering damages. R.C. § 2307.60.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

51. Enter judgment against Defendant in Plaintiff's favor in an amount that does not exceed sixty thousand ($60,000.00) dollars for general damages, statutory damages, treble damages, punitive damages, exemplary damages, attorney's fees (as applicable), and costs; Plaintiff is seeking $200.00 per CSPA count in statutory and treble damages and additionally no more than $200.00 per CSPA violation in non-economic damages per CSPA count, for a total amount of $60,000 inclusive of all damages, costs of the action, court costs, and attorney's fees.

52. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, Ohio 44060
(P): (440) 313-5893
(E): Reo@ReoLaw.org

**JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right.  Civ.R. 38.

ORIGIN ID:LNNA          (440) 350-2657
MAUREEN G KELLY
LAKE COMMON PLEAS
25 NORTH PARK PLACE

PAINESVILLE, OH 44077
UNITED STATES US

SHIP DATE: 30MAY18
ACTWGT: 0.80 LB
CAD: 111040613/WSXI3100

BILL SENDER

TO

**CHICKEN OF THE SEA INTERNATIONAL**
**2150 EAST GRAND AVENUE**

**EL SEGUNDO CA 90245**
(440) 350-2657          REF: 18CV000830
INV:
PO:                                  DEPT:





FedEx
Express

MON - 04 JUN 4:30P

**EXPRESS SAVER**

TRK#          **7811 8409 3370**
0201

DSR

90245
CA-US   **LAX**

**SH HHRA**

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT

# B



FILED

2018 JUN 22  AM 8: 55

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

**STATE OF OHIO**
**IN THE COURT OF COMMON PLEAS OF LAKE COUNTY**
**CIVIL DIVISION**

**BRYAN ANTHONY REO**
7143 Rippling Brook Lane
Mentor, OH 44060

       Plaintiff,

  v.

**CHICKEN OF THE**
**SEA INTERNATIONAL**
2150 East Grand Avenue
El Segundo, CA 90245

       Defendant.

Case No. 18CV000830

Hon. Vincent A. Culotta

---

**REO LAW, LLC**
By:  Bryan Anthony Reo (#97470)
P.O. Box 5100
Mentor, OH 44060
(P):  (440) 313-5893
(E):  Reo@ReoLaw.org

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

---

BRYAN ANTHONY REO (Plaintiff), alleges the following against CHICKEN OF THE SEA INTERNATIONAL. (Defendant):

### I. INTRODUCTION

1.  Plaintiff sues Defendant for statutory violations of the Consumer Sales Practices Act, R.C. § 1345.01 *et seq*. ("CSPA"), Civil action for damages for criminal act R.C. § 2307.60, and common law fraud.

## II.  PARTIES

2.  Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3.  Defendant is a corporate entity existing by and through the laws of the State of California, which does business in the State of Ohio.  Defendant does business as Chicken of the Sea and maintains an interactive commercial website at <https://chickenofthesea.com/> which is accessible to Ohio residents.

## III.  JURISDICTION AND VENUE

4.  This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of R.C. § 2305.01;

5.  This Court enjoys personal jurisdiction over Defendant because Defendant transacted business in the State of Ohio thereby causing Plaintiff's causes of action against Defendant to arise and because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio.  R.C. § 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9). Defendant also committed criminal acts that victimized Plaintiff in the state of Ohio.

6.  Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3.   Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Plaintiff is a consumer who engaged in multiple consumer transactions for the purchase of Defendant's products, cans of Chicken of the Sea Solid White Albacore Tuna. Plaintiff is also a crime victim who was the victim of criminal conduct on the part of Defendant.

8. Throughout 2011, 2012, 2013, and upon information and belief, into 2014, 2015, 2016, and 2017, Defendant engaged in a conspiracy with two other leading canned tuna fish manufacturers, Bumble Bee Foods and Starkist, for the purpose of establishing an illegal trust to facilitate the increasing, fixing, and maintaining or prices of canned tuna fish.

9. A guilty plea was entered by Stephen Hodge, a former senior vice president of sales for Starkist [Defendant's co-conspirator] based on a criminal information originally filed in United States District Court for the Northern District of California in May of 2017. Defendant has perpetrated criminal conduct in connection with Starkist.

10. Defendant's other co-conspirator Bumble Bee Foods entered a plea of guilty to a one-count indictment of felony price-fixing in May of 2017 in United States District Court for the Northern District of California.

11. Two executives from Defendant's co-conspirator Bumble Bee Foods plead guilty to price-fixing charges in December of 2016.

12. The full extent of Defendant's price-fixing scheme has just begun to come to light and it is obvious that at least as recently as 2013 [according to the Department of Justice] that the prices of cans of tuna were being artificially maintained and fixed due to a criminal conspiracy entered into by Starkist, Bumble Bee Foods, and Defendant Chicken of the Sea. In May of 2017 Plaintiff discovered that he was the victim of a crime perpetrated by Defendant.

3

13. Plaintiff purchased at least 75 cans of defendant's tuna-fish from between the period of 2011 and 2013, and at least another 75 cans of Defendant's tuna-fish between the period of 2014-2017.

14. When Plaintiff purchased the cans there was an implicit representation made by Defendant to Plaintiff that the purchase price was a fair price reflecting the market price of the tuna fish and that the price was not the result of a criminal conspiracy to fix and maintain prices among the major manufacturers.

15. Plaintiff relied upon the representation made by Defendant, reflected in the price, that the price was indeed a genuine fair market price and was not the result of a criminal conspiracy to fix prices in a manner explicitly prohibited by law.

16. Because of Plaintiff's reliance under Defendant's implicit representation Plaintiff suffered a detriment and a damage by relying upon Defendant's implicit representation which was made by Defendant knowing that Plaintiff would rely upon it while Defendant also knew the representation was false due to the ongoing nature of Defendant's criminal conspiracy. Defendant either implicitly represented or made a material omission regarding the nature and basis of the price and the fact that the price was set in an illegal manner.

17. Plaintiff purchased a large volume of goods from Defendant at a price that was indeed not a fair market price but rather a price set as the result of criminal collusion contrary to relevant laws pertaining to trusts and monopolies.

18. Plaintiff suffered damages in so much that he wound up paying artificially higher prices that were artificially higher due to Defendant's criminal conduct in fixing prices, conduct which constituted the perpetration of a fraud upon the Plaintiff.

19. Plaintiff was deceived and damaged by Defendant's unfair practices in connection with each and every consumer transaction that occurred, with a separate transaction occurring with each can purchased.

20. Defendant acted in a manner that was deceptive and unfair in connection with a consumer transaction by colluding with other manufacturers to criminally fix and maintain the prices of canned tuna.

21. Plaintiff was harmed as a direct result of Defendant's criminal conduct and Plaintiff is the victim of a crime as detailed by R.C. § 2307.60 and has suffered damages as a result of the crime.

22. Not only was Defendant's conduct unfair and deceptive in connection with a consumer transaction, but the conduct was criminal and Plaintiff was victimized and damaged as a result of the criminal conduct.

23. Plaintiff is a crime victim within the scope of R.C. § 2307.60 for purposes of having a civil cause of action against Defendant arising out of Defendant's criminal conduct which impacted and victimized Plaintiff.

24. Defendant engaged in a conspiracy against trade contrary to Ohio law by operating in conjunction with the other two major industry giants to effectively create a monopoly as that term is used and defined in R.C. § 1331.01 et seq. in a manner done to increase, maintain, or fix a price.

## V.  CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE CSPA

25. Plaintiff incorporates by reference Paragraphs 1-24 and 33-52 of this Complaint as if each is set forth herein.

26. Defendant is a "person" as defined by R.C. § 1345.01(B).

27. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

28. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

29. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant fixed and maintained prices on the cans of tuna fish, entered them into the stream of commerce, and the goods [cans of tuna fish] were ultimately sold to Plaintiff at those criminally fixed and maintained prices.

30. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly fixing and maintaining prices on cans of tuna fish and then allowing the cans to enter the stream of commerce to be sold to consumers such as Plaintiff. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for violations of the OCSPA. R.C. § 1345.09(B) per violation. Defendant's conduct in fixing and maintaining prices was expressly in violation of R.C. § 1331.04 which prohibits conspiracy against trade.

31. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

32. Defendant committed seventy-five (75) violations of Count I of Plaintiff's Complaint.

**COUNT II**
**COMMON LAW FRAUD**

33. Plaintiff incorporates by reference Paragraphs 1-32 and 41-52 of this Complaint as if each is set forth herein.

34. Defendant made implicit representations that it was conducting business in accordance with the relevant laws prohibiting conspiracy against trade and prohibiting the fixing and maintaining of prices.

35. Defendant's representations were reflected in the prices affixed to each can of tuna fish that Defendant entered into the stream of commerce.

36. Plaintiff relied upon the representation implicit in the price advertised by Defendant that the price of Defendant's product was not only a fair market price but a legal and permissible price that was set in accordance with the law and was not the result of an illegal conspiracy to fix and maintain a price in collusion with Defendant's primary competitors in the industry.

37. Defendant knew or should have known that Plaintiff would rely upon its implicit representation when making a purchasing decision regarding Defendant's product.

38. Defendant made the representation about its price hoping to obtain Plaintiff's reliance.

39. Plaintiff did indeed rely upon the implicit representation that the price was not only fair but was also objectively legal.

40. Because Plaintiff relied upon the representations made by Defendant Plaintiff suffered a detriment in that he wound up paying an artificially higher price that was the result of Defendant benefiting from Plaintiff's reliance upon Defendant's implicit representation regarding the price being legal and fair or omission of the material fact that the price was not a fair market price but rather was an illegal price.

## COUNT III
### STATUTORY CRIMINAL LIABILITY AGAINST DEFENDANT

41. Plaintiff incorporates by reference Paragraphs 1-40 and 50-52 of this Complaint as if each is set forth herein.

42. It constitutes a criminal act in the State of Ohio to conspire against trade by. R.C. § 1331.04.

43. Defendant has operated as a "Trust" as defined by R.C. § 1331.01(C)(1) which is declared unlawful and void, R.C.

44. Defendant has operated as a trust for the purpose of increasing prices and to fix and maintain prices as a conspiracy against trade .

45. Defendant conspired with other corporate entities to increase, fix, and/or maintain the prices of their tuna fish products, this activity on the part of Defendant constitutes the operation of a "trust" as defined by R.C. § 1331.01(C)(1)

46. Defendant operated a trust for the purpose of promoting and engaging in conspiracy against trade.

47. It constitutes a crime [specifically it is a felony offense] to engage in a conspiracy against trade.

48. Plaintiff may seek recovery for criminal conduct which if prosecuted would constitute a felony. R.C. § 2307.60(B)(2)(b) and R.C. § 2307.60(B)(2)(c).

49. Conspiracy against trade is a either a felony of the fifth degree R.C. § 1331.99(A)(1) or a felony of the fourth degree R.C. § 1331.99(A)(2) depending on the particular circumstances and amounts involved.

50. Defendant is liable to Plaintiff for engaging in criminal acts that resulted in Plaintiff suffering damages.  R.C. § 2307.60.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

51. Enter judgment against Defendant in Plaintiff's favor in an amount that does not exceed fifty thousand ($50,000.00) dollars for general damages, statutory damages, treble damages, punitive damages, exemplary damages, attorney's fees (as applicable), and costs; Plaintiff is seeking $200.00 per CSPA count in statutory and treble damages and additionally no more than $200.00 per CSPA violation in non-economic damages per CSPA count, for a total amount of $50,000 inclusive of all damages, costs of the action, court costs, and attorney's fees.

52. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, Ohio 44060
(P): (440) 313-5893
(E): Reo@ReoLaw.org

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right.  Civ.R. 38.

# Certificate of Service

I, Bryan Anthony Reo, do hereby certify that a true and genuine copy of this Plaintiff's First Amended Complaint has been dispatched by United States regular mail, postage prepaid to the Defendant at:

Chicken of the  Sea International
2150 East Grand Avenue
El Segundo, CA 90245

On this _____22____day of _____June_____ . 2018

X _____

10